[Civ. No. 4024. Fourth Dist., Apr. 10, 1950.]

RECOVERY OIL COMPANY (a Corporation), Appellant, v. R. E. VAN ACKER et al., Defendants; ADA M. CRAWFORD, Respondent.

H. H. Bell and Walter H. Hewicker for Appellant.

Franklin B. Hansen for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in a quiet title action.

The land involved consists of 160 acres which belongs to the United States. In 1923, a permit to prospect for oil and gas was issued to M. A. Knapp covering the property in question and other lands. In May, 1928, Knapp entered into an operating agreement with A. Bruce Frame under which Frame was to drill on the property and under which he acquired an interest in the production. In November, 1928, Frame executed a written assignment by which he assigned to N. E. Grable the ''proceeds of Fifteen per cent (15%) of the oil'' (saved and sold from the premises covered by this operating agreement) ''until such time as said assignee shall have received the sum of Twenty Thousand Dollars ($20,000.00) and no more; and upon the full payment of said sum this assignment shall terminate and be at an end.'' In 1929, Grable assigned to Ada M. Crawford one half of the interest he had acquired under the assignment given to him by Frame. These assignments were duly recorded prior to the time the plaintiff acquired any interest in the property. In 1930, a lease was issued to Knapp by the Secretary of the Interior covering all the property described in the original prospecting permit. Various partial assignments of said lease were made to others and, in 1938, the plaintiff became the owner of Knapp's remaining interest in this lease insofar as it pertained to the land here involved.

This action was filed on August 13, 1945. By his complaint, which was in the usual form, the plaintiff sought to quiet his title as the sole and exclusive owner of this lease with all rights arising thereunder, and to bar the defendants from asserting any claims in relation thereto. By her answer, the

defendant Crawford alleged that the plaintiff's right and title under this lease is subject to her right, by assignment, to the sum of $10,000 payable out of the proceeds from 15 per cent of the oil etc. produced, saved and sold from the premises. A judgment in favor of the plaintiff was reversed on appeal (*Recovery Oil Co.* v. *Van Acker*, 79 Cal.App.2d 639 [180 P.2d 436]) for reasons not involved here. After a retrial the court found, so far as material here, that the oil and gas lease given to Knapp in 1930 was subject to the operating agreement between Knapp and Frame, and to the assignments above referred to from Frame to Grable and from Grable to Ada M. Crawford; that the plaintiff became the owner of so much of Knapp's interest in the property as remained after these transfers and assignments; that each of these transfers and assignments were duly recorded and plaintiff had constructive notice thereof; and as a conclusion of law, that the plaintiff's lease, insofar as this property is concerned, is subject to a valid assignment now held and owned by Ada M. Crawford whereby she is the owner of 15 per cent of the proceeds of the oil etc. saved and sold from the premises until such time as she shall have received $10,000, whereupon her interest shall terminate and be at an end. Judgment was entered accordingly. The plaintiff appealed from the entire judgment, but prosecutes this appeal only from that portion thereof which sustains the claim of Ada M. Crawford.

The appellant first contends that the judgment is erroneous in that it makes the lease subject to respondent's assignment making her the owner of 15 per cent of the proceeds from the oil produced on this land until she shall have received $10,000. It is argued that since the assignment to Grable was for $20,000 payable out of 15 per cent of the production, the assignment of one-half of his interest to the respondent would entitle her to $10,000 out of 7½ per cent of the production. The assignment to Grable covered a 15 per cent interest and was by its terms to remain in force until the full amount of $20,000 was paid. It must be assumed, in support of the judgment, that Grable's half has been paid. The assignment to respondent of one-half of Grable's interest would entitle her to receive half of the money, from the full 15 per cent of the production, and would remain in force until that amount has been paid.

The second contention is that the discussion of the statute

of limitations which appears in the opinion on the prior appeal (*Recovery Oil Co.* v. *Van Acker*, 79 Cal.App.2d 639 [180 P.2d 436]) does not constitute the law of the case on that issue. No contention is made to the contrary, and this may be accepted as true.

Finally, the appellant contends that the court erred in refusing to permit it to prove, by the testimony of a supervisor of the State Division of Oil and Gas, that the production of oil on the leased premises prior to four years before this action was filed was sufficient, at market prices, to have enabled respondent's claim to have been paid in full. It is argued that while such records were confidential and privileged the privilege was waived by the persons for whose benefit it was intended, and the testimony was, therefore, admissible; that it would have established that the respondent could have been paid prior to 1941; that it follows that her claim was barred by the statute of limitations; and that she was guilty of laches.

The interest of the respondent was an interest in real property. (*La Laguna Ranch Co.* v. *Dodge*, 18 Cal.2d 132 [114 P.2d 351, 135 A.L.R. 546].) The appellant acquired certain other interests in the lease, but never acquired the interest held by the respondent. Its assignors could not convey to it more than they owned and the appellant took with notice of, and subject to, the rights and interests of the respondent. The assignments by which the respondent acquired her interest assigned to her a certain share in the production from the land until such time as she received $10,000. Her interest was to terminate when she received this amount, otherwise it would run for the full term of the lease. No date was fixed for the termination of her interest and it was conditioned upon her receiving the money, and not upon the production of an amount sufficient to pay the money. Any obligation to pay was not only a continuing one but she had an interest in the land which did not terminate until she actually received that amount of money. Her interest was vested as an estate, and not as a lien. Her position was similar to that of the holder of a trust deed. The appellant, taking with notice, was in no position to demand relief in a court of equity, as against the respondent, without recognizing and assuming the obligation which thus continued to exist. Under these circumstances, the rights of the respondent were not barred by any statute of limitations or by laches. Whether or not

the proffered testimony was admissible, and whether or not it would have shown that the $10,000 might have been previously paid out of the production, is immaterial.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 8, 1950.